UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>TOOFAN NAMINI, *et al.*,<br><br>        Defendants. | CASE NO. C07-546 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on plaintiff's Motion for Summary Judgment. (Dkt. #16). Plaintiff seeks an order from the Court that it is not obligated to provide coverage for the claims made against defendants Toofan Namini and Shahrzad Namini by defendant Misty Robertson in a separate lawsuit before the undersigned judge. Plaintiff argues that the conduct of Toofan Namini arose out of intentional and criminal acts, and therefore is excluded from coverage under the insurance policy entered into between plaintiff and Toofan Namini. Defendants Toofan Namini and Shahrzad Namini ("defendants")[1] respond that plaintiff bases its motion on a review of the wrong complaint, thereby warranting denial of plaintiff's summary judgment motion. Alternatively, defendants argue that plaintiff has failed to negate facts which would give rise to coverage under its insurance policy, and has failed to fulfill its duty to investigate. Defendants also seek attorneys' fees incurred in defending this motion,

---

[1] Defendant Misty Robertson did not respond to plaintiff's summary judgment motion.

ORDER
PAGE - 1

1 pointing specifically to plaintiff's failure to review the amended complaint.

2 Having reviewed plaintiff's motion, defendants' response, plaintiff's reply, the
3 declarations and exhibits attached thereto, and the remainder of the record, the Court hereby
4 finds and ORDERS:

5 (1) Plaintiff's Motion for Summary Judgment (Dkt. #16) is DENIED.  It is well-
6 established that "[a]n insurer has a duty to defend 'when a complaint against the insured,
7 construed liberally, alleges facts which could, if proven, impose liability upon the insured
8 within the policy's coverage.'" *Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 52-53,
9 164 P.3d 454 (2007) (citations omitted).  Moreover, an insurer's duty to defend is generally
10 determined from the allegations contained in a complaint against its insured.  *See, e.g., Truck*
11 *Ins. Exch. v. VanPort Homes, Inc.*, 147 Wash. 2d 751, 760, 58 P.3d 276 (2002) (finding that
12 the insurer's duty to defend arises when an action is brought against its insured, and is based
13 on the potential for the insured's liability).  Only alleged claims in a complaint that are clearly
14 not covered by the policy relieve the insurer of its duty.  *See Kirk v. Mt. Airy Ins. Co.*, 134
15 Wash. 2d 558, 561 (1998) (*citing State Farm Gen. Ins. Co. v. Emerson*, 102 Wash. 2d 477,
16 486, 687 P.2d 1139 (1984)).

17 In the instant case, plaintiff bases its summary judgment motion on an underlying
18 complaint that has since been amended.  Plaintiff argues in its reply that notwithstanding the
19 amended complaint, the Court should still find in favor of plaintiff with respect to the claims
20 that are found both in the original and amended complaints.  However, given that an insurer's
21 duty to defend arises out of the allegations contained in a complaint against its insured, it
22 would be manifestly unfair for this Court to rule on plaintiff's motion when it bases it on the
23 wrong complaint, regardless of the similarities between them.  Defendants would be unfairly
24 prejudiced if the Court were to rule on this motion without giving defendants an opportunity
25 to fully respond to the arguments raised with respect to the amended complaint.  Accordingly,
26 the Court denies plaintiff's summary judgment motion solely on this ground.  Nothing in this
27 Order prevents plaintiff from filing a summary judgment motion based on the amended
28 complaint.

1    (2) Defendants' Motion for Attorneys' Fees is DENIED. Defendants argue that attorneys' fees are justified pursuant to *Olympic Steamship v. Centennial Ins.*, 117 Wash. 2d 37, 811 P.2d 673 (1991). Under *Olympic Steamship*, an insured is entitled "to recoup attorneys' fees that it incurs because an insurer refuses to defend or pay the justified action or claim of the insured, regardless of whether a lawsuit is filed against the insured." *Id.* at 52. Attorneys' fees are also "required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." *Id.* at 53 (emphasis added); *see also Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1437 (9th Cir. 1995) (awarding attorneys' fees under *Olympic Steamship* where the insured was required to take legal action by filing a complaint). Such fees are considered an equitable exception to the general rule on attorneys' fees, which provide that a court has no power to award fees as a cost of litigation in the absence of contract, statute, or recognized ground of equity, providing for fee recovery. *See McRory v. Northern Ins. Co. of N.Y.*, 138 Wash. 2d 550, 555, n. 5 (1999).

Here, attorneys' fees are *not* justified pursuant to *Olympic Steamship* because the Court has not yet determined whether plaintiff, the insurer, has incorrectly refused to defend or pay the justified claim of the insured. In addition, defendants are not assuming the burden of a legal action to obtain the full benefit of an insurance contract by initiating a lawsuit, but are responding to plaintiff's claims that plaintiff does not have a duty to defend. Furthermore, the Court is denying plaintiff's summary judgment motion solely because plaintiff has failed to base its summary judgment motion on the amended complaint. Awarding attorneys' fees under *Olympic Steamship* would be premature at this time because the Court has not analyzed the underlying merits of the case.

Nevertheless, the Court finds it worthwhile to admonish plaintiff's counsel's behavior in this case. The amended complaint was filed before the undersigned judge on September 21, 2007, more than one month before plaintiff filed its summary judgment motion on October 22, 2007. *See* C06-1511 RSM. Plaintiff's counsel indicates that it had no knowledge of the amended complaint because its client had two separate and distinct files in this case. (Dkt.

1  #21, Decl. of Douglas F. Foley, ¶ 4).  Plaintiff's counsel further indicates that each of these
2  files have separate adjusters and that it did not communicate with the adjuster that handled the
3  file that would have provided plaintiff's counsel with notice of the underlying claim.  *Id.*
4  However, the Court finds that such conduct is inexcusable.  Plaintiff's counsel has a clear duty
5  to investigate the underlying claim against its insured, and relying solely on communication
6  with its adjuster certainly does not fulfill this duty.  Plaintiff's counsel has access to the
7  electronic filing system of this Court, and a quick check at any point in time between
8  September 21, 2007 to October 22, 2007 of the separate lawsuit before the undersigned judge
9  would have indicated that an amended complaint was filed.  Plaintiff's counsel is on notice
10 that failure to comply with its obligations to dutifully investigate its case may result in future
11 sanctions.

12         (3)  The Clerk is directed to forward a copy of this Order to all counsel of record.

14         DATED this 28 day of November, 2007.

                                                    RICARDO S. MARTINEZ
                                                    UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4